IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Reginald Jerome Dorsey, | ) | Case No.: 1:24-cr-00205 |
| | ) | |
| Defendant. | ) | |

On May 30, 2025, Defendant filed a *Motion to Amend Order of Detention*. (Doc. No. 166). Defendant advised he has been accepted into the residential treatment program at Summit Counseling ("Summit") in Stanton, North Dakota, and requests release to reside there for treatment. Defendant further advises that the program is a residential treatment program, providing structured 24-hour supervision and treatment, and if released, he would be required to participate in recommended treatment programming and to abide by the facility's rules and regulations.

The court is inclined to **GRANT** Defendant's motion. (Doc. No. 166). Defendant shall be released no earlier than 9:00 AM on June 3, 2025, to a representative of Summit for immediate transport to Summit in Stanton, North Dakota. Defendant's release shall be subject to the following conditions:

1) Defendant must not violate federal, state, tribal, or local law while on release.

2) Defendant must appear in court as required and must surrender to serve any sentence imposed.

3) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

4) Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to North Dakota.

5) Defendant shall refrain from: any use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner; any use of medical marijuana; and any use of inhalants. Defendant shall submit to drug/alcohol screening or participate in a remote alcohol testing program using continuous electronic alcohol testing at the direction of the Pretrial Services Office to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test result.

6) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

7) Defendant shall not knowingly or intentionally have direct or indirect contact with witness(es), or co-defendant(s), except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

8) Defendant shall undergo a substance abuse and/or mental health evaluation if required by the Pretrial Services Officer and comply with resulting counseling or treatment recommendations.

9) Defendant shall reside at Summit and shall participate in the center's programs and abide by its rules and regulations. If directed by the Pretrial Services Officer, Defendant shall pay a portion of the cost of residing at that facility. The supervising pretrial officer may approve passes from Summit for up to eight hours.

10) Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from Summit OR to communicate with facility staff about Defendant's progress in the program.

    Any passes allowed by Summit must be approved by the Pretrial Services Officer.

    If for any reason Defendant is terminated from Summit, Defendant must immediately surrender to the custody of the United States Marshal.

    At least 96 hours prior to anticipated completion of Summit, Defendant must advise the Pretrial Services Officer of Defendant's anticipated completion date so the Court may schedule a hearing to review Defendant's release status.

    If Defendant successfully completes Summit, the Pretrial Officer may approve Defendant's transition to an appropriate sober living home.

11) Defendant shall submit Defendant's person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of pretrial release. Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition. The Pretrial Services Officer may conduct a search under this condition only when reasonable suspicion exists that Defendant has violated a condition of release and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

12) Defendant shall surrender any passport and other foreign travel document(s) to the United States Probation and Pretrial Services Office.

13) Defendant shall not obtain a passport and other foreign travel document(s).

14) Defendant must report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

**IT IS SO ORDERED.**

Dated this 2nd day of June, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
